UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY ALLIS, <br><br> Plaintiff, <br><br> vs. <br><br> SANFORD USD MEDICAL CENTER, <br><br> Defendant. | 4:17-CV-04177-LLP <br><br><br> ORDER DISMISSING CASE |

Plaintiff, Gregory Allis, filed a pro se lawsuit alleging that defendant, Sanford USD Medical Center, failed to timely submit claims to the Veterans Administration for emergency medical treatment Sanford provided Allis. Docket 1. Allis also moves for leave to proceed in forma pauperis. Docket 3.

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). The Court finds that Allis satisfies § 1915, and grants his motion for leave to proceed in forma pauperis.

Proceeding in forma pauperis is governed by 28 U.S.C.§ 1915. That statute provides:

Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that

. . .

(B) the action or appeal

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court sua sponte to review a complaint filed with an in forma pauperis application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief. Thus, the court is required to screen a pro se complaint as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [the] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Because Allis is proceeding pro se, his pleadings must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction.

"[F]ederal courts are courts of limited jurisdiction . . . ." *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). A District Court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Id.* (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010)).

Allis's does not allege grounds for jurisdiction. Allis's complaint only alleges that Sanford failed to timely submit a claim to the VA as permitted under 38 U.S.C. § 1725. Federal courts have subject matter jurisdiction through federal question jurisdiction or diversity jurisdiction. Under 28 U.S.C.A. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C.A. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

Allis does not raise a federal question. "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Although Allis may be attempting to base his claim on 38 U.S.C. § 1725, Allis fails to demonstrate how his claim arises under this federal law when he named Sanford as the defendant. This statute does not create a cause of action under which a veteran may sue a health care provider for failure to seek reimbursement from the VA. Rather, "[s]ection 1725 . . . . bestows upon the Secretary [of Veterans Affairs] the power to reimburse an 'eligible,' non-service-connected veteran 'the reasonable value of emergency treatment furnished . . . in a non-Department facility.' 38 U.S.C. § 1725(a)." *Fritz v. Nicholson*, 20 Vet. App. 507, 510 (2006). In cases involving veterans' claims for benefits, Congress has created an exclusive channel of judicial review. A veteran's request for benefits is first processed and decided by VA officials in regional offices, under the ultimate authority of the Secretary of Veterans Affairs. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 431 (2011) (explaining the VA's process for adjudicating benefits claims). If the veteran is unhappy with

the initial benefits decision, he or she may appeal to the Board of Veterans' Appeals, within one year of the VA's decisions. 38 U.S.C. §§ 7104-7105. Under the Veterans' Judicial Review Act of 1988 (VJRA), the veteran may then appeal to the United States Court of Appeals for Veterans Claims, an Article I tribunal created by the VJRA, which has exclusive jurisdiction over decisions made by the Appeals Board. 38 U.S.C. §§ 7251-7252(a). Nowhere is there a provision for original decision by or appeal to the United States District Court. A district court lacks subject matter jurisdiction to review decisions of the VA regarding individual benefits, and must accordingly dismiss such a case. *Pate v. Department of Veterans Affairs*, 881 F. Supp. 553, 556 (M.D. Ala. 1995). Therefore, the Court does not have jurisdiction over the complaint pursuant to 28 U.S.C. § 1331.

Allis's complaint does not allege diversity. Under 28 U.S.C. § 1332(a), "Diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship of the litigants." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). " 'Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.' " *Id.* (quoting *OnePoint*, 486 F.3d at 346). For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332 (emphasis added). Sanford Medical Center is incorporated in South Dakota as a non-profit corporation which operates a hospital in Sioux Falls under the name Sanford USD Medical Center. Allis identified his residence as located in South Dakota. Docket 1 at 1-2. Because Sanford and Allis appear to be citizens of South Dakota, complete

diversity is absent in this case. Therefore, the Court does not have jurisdiction over the complaint pursuant to 28 U.S.C. § 1332(a).

Finally, even if this court possessed jurisdiction, Allis identifies no cause of action. As discussed above, 38 U.S.C. § 1725(a) gives the Secretary of Veterans Affairs authority to reimburse the value of some emergency services to non-VA facilities. It does not create a cause of action under which a veteran could sue a health care provider. Allis has failed to cite, and the court has been unable to locate, any authority which would support implying a civil cause of action for failing to timely submit claims to the Veterans Administration. Thus, Allis fails to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Accordingly, it is ORDERED

1. Allis's motion for leave to proceed in forma pauperis (Docket 3) is granted.

2. Allis's complaint is dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Dated this 10th day of April, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, Clerk
By_____
Deputy